08 CV 4490

JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA,

                                   Plaintiff,          08 CV

-v-

                                                       **VERIFIED COMPLAINT**

BELARUSIAN SHIPPING COMPANY,

                                   Defendant.
------------------------------------------------------------------x

       Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA (hereinafter "DEIULEMAR"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, BELARUSIAN SHIPPING COMPANY (hereinafter "BELARUSIAN"), alleges upon information and belief as follows:

## JURISDICTION

       1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

       2.     At all times material hereto, Plaintiff, DEIULEMAR, was and still is a foreign business entity duly organized and existing pursuant to the laws of Italy.

       3.     At all times material hereto, Defendant, BELARUSIAN, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Republic of Belarus, with an office and principle place of business at 3-408, Khoruzhaya St., 220005, Minsk, Belarus.

## FACTS AND CLAIM

4. On or about June 8, 2007, DEIULEMAR, as disponent owner of the M/V STARA PLANINA, and BELARUSIAN, as charterer, entered into a time charter agreement regarding the use of the subject vessel for a certain period of time.

5. The time charter agreement, memorialized on a "New York Produce Exchange" time charter party form, is a maritime contract.

6. Pursuant to the maritime contract, DEIULEMAR and BELARUSIAN, agreed to, among other things, the payment of hire and the arbitration of disputes arising out of the maritime contract.

7. In accordance with the terms of the maritime contract, DEIULEMAR delivered the M/V STARA PLANINA to BELARUSIAN, who made use of the vessel, and hire was earned by DEIULEMAR.

8. Although BELARUSIAN did make partial payment of hire to DEIULEMAR, approximately fifteen (15) days worth of hire remains unpaid by BELARUSIAN, which is now due and owing in the amount of US$485,314.83.

9. Despite DEIULEMAR's repeated demands for payment of the outstanding hire, BELARUSIAN, in breach of the terms of the maritime contract, has failed, neglected and/or otherwise refused to pay Plaintiff DEIULEMAR.

10. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to London arbitration with English law to apply. London arbitration provides that the prevailing party is entitled to interest costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be

incurred will be an amount of not less than US$100,000.00. In accordance with the terms of the arbitration clause, DEIULEMAR will initiate the arbitral process.

11.     DEIULEMAR's total claim against BELARUSIAN, for the outstanding hire payments, plus estimated legal fees, costs and interest is in the aggregate amount of US$585,314.83.

## BASIS FOR ATTACHMENT

12.     Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

13.     Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to and/or for the benefit of Defendant, BELARUSIAN, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit

3

Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.  That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendant, up to the amount of USD $585,314.83 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       May 14, 2008

                          CHALOS, O'CONNOR & DUFFY, L.L.P.
                          Attorneys for Plaintiff
                          DEIULEMAR COMPANGIA DI
                          NAVIGAZIONE SPA

By: _____
      George M. Chalos (GC-8693)
      366 Main Street
      Port Washington, New York 11050
      Tel: (516) 767-3600
      Fax: (516) 767-3605
      Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA.,

                                          Plaintiff,                    08 CV

-v-

                                                                          **VERIFICATION OF**
                                                                             **COMPLAINT**

BELARUSIAN SHIPPING COMPANY,
                                      Defendant.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.       I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA, herein;

       2.       I have read the foregoing Verified Complaint and know the contents thereof; and

       3.       I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.       The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       May 14, 2008

          CHALOS, O'CONNOR & DUFFY, L.L.P.
          Attorneys for Plaintiff
          DEIULEMAR COMPAGNIA DI
          NAVIGAZIONE SPA

By: _____
          George M. Chalos (GC-8693)
          366 Main Street
          Port Washington, New York 11050
          Tel: (516) 767-3600
          Fax: (516) 767-3605
          Email: gmc@codus-law.com